**FILED**
CLERK, U.S. DISTRICT COURT

**7/29/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MMC_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JAMES LOUIS PIANO,<br>  aka "Hoffa,"<br>  aka "Jimmyhoffa,"<br><br>          Defendant. | CR No.   2:25-CR-00623-ODW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(vi): Possession with<br>Intent to Distribute Fentanyl; 21<br>U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about September 26, 2024, in Los Angeles County, within the Central District of California, defendant JAMES LOUIS PIANO, also known as ("aka") "Hoffa," aka "Jimmyhoffa," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 137.7 grams, of a mixture and substance containing a detectable amount N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of defendant's conviction of the offense set forth in this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense,

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

2

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

ALEXANDER H. TRAN
Assistant United States Attorney
Transnational Organized Crime
Section